972 F.2d 1353
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In Re Clarence L. ANDERSON.
 No. 92-1166.
 United States Court of Appeals, Federal Circuit.
 June 8, 1992.
 
 Before RICH, ARCHER and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Clarence L. Anderson (Anderson) appeals from the November 27, 1991 decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board), Appeal No. 91-1665, affirming the rejection of claims 33-44, in patent application Serial No. 07/152,785, filed February 5, 1988, entitled "Meter Lock," as unpatentable under 35 USC 112, and under 35 USC 102(b). We affirm.
 
 OPINION
 
 2
 The examiner rejected claims 33-44 in Anderson's patent application under 35 USC 112, paragraph one, based on Anderson's failure to provide an enabling disclosure, and under paragraph two, based on Anderson's failure to particularly point out and distinctly claim the subject matter which he regards as his invention. The claims were also rejected under 35 USC 102(b) as being anticipated by either U.S. Patent No. 1,179,759 to Reynolds or U.S. Patent No. 578,775 to Ringness. Anderson submitted proposed amendments to the claims after the examiner issued a final rejection. The proposed amendments were considered by the examiner and, subsequently, denied entry. The examiner's rejection was affirmed by the Board and this appeal followed.
 
 
 3
 Anderson bears the burden of establishing that the Board committed an error of law or made clearly erroneous findings of fact. In re Caveney, 761 F.2d 671, 674, 226 USPQ 1, 3 (Fed.Cir.1985) However, Anderson has failed to argue the merits of the Board's decision. Specifically, he has failed to point out any error in the examiner's final rejection under 35 USC 112 and 35 USC 102(b) which the Board affirmed.
 
 
 4
 Rather than explain how the Board erred, Anderson has rewritten his claims and, as far as we can determine from the limited information provided in his brief, seems to be arguing that the examiner erred in refusing to enter the proposed amended claims. However, as provided in 37 CFR § 1.127[1] the proper procedure for Anderson to follow in objecting to a refusal to enter an amendment is to petition the Commissioner of Patents and Trademarks. As stated in In re Mindick, 371 F.2d 892, 894, 152 USPQ 566, 568 (CCPA 1967):
 
 
 5
 The refusal of an examiner to enter an amendment after final rejection of claims is a matter of discretion. If there is an abuse of discretion, the matter may be remedied by a Rule 181 petition to the Commissioner of Patents. Ultimate judicial review of such matters of practice and procedure may be had in the District Court. This court, like the Board of Appeals, does not consider the issue of whether the examiner's refusal to enter the proposed amendment after final rejection constituted an abuse of discretion on his part.
 
 
 6
 Consequently, the examiner's denial of entry of the after-final amendment is not reviewable by this court which has succeeded to the jurisdiction of the CCPA.
 
 
 7
 Accordingly, no error in the Board's decision having been shown, we have to affirm.
 
 
 
 [1]
 37 CFR § 1.127 provides:
 From the refusal of the primary examiner to admit an amendment, in whole or in part, a petition will lie to the Commissioner under § 1.181.